**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4439-17T3

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

ANTHONY PARISI-SANCHEZ,
a/k/a ANTHONY PARISI,
ANTHONY J. PARISI,
ANTHONY M. PARISI, and
ANTHONY SANCHEZ,

    Defendant-Appellant.

_____

Submitted May 22, 2019 – Decided June 12, 2019

Before Judges Alvarez and Mawla.

On appeal from Superior Court of New Jersey, Law Division, Cape May County, Indictment Nos. 11-09-0538 and 12-02-0083.

Joseph E. Krakora, Public Defender, attorney for appellant (Karen Ann Lodeserto, Designated Counsel, on the brief).

Jeffrey H. Sutherland, Cape May County Prosecutor, attorney for respondent (Gretchen A. Pickering, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Anthony Parisi-Sanchez appeals from an April 20, 2018 decision denying him post-conviction relief (PCR). For the reasons stated by Judge Bernard E. DeLury, Jr., P.J. Cr., in his thirty-page decision, we affirm.

Defendant entered a guilty plea to a count of fourth-degree harassment while on probation, N.J.S.A. 2C:33-4(e). The indictment alleged that from June 8, 2011, through August 8, 2011, defendant sent twenty-six emails and two letters harassing a candidate for the New Jersey State Senate. Shortly after the indictment at issue here, and over the intervening months and years, defendant was indicted on nine other sets of charges arising from his conduct towards jail staff while incarcerated, and towards his assigned attorneys.

When defendant pled to the offense, he acknowledged having forwarded "harassing emails" but disputed being on probation at the time. He acknowledged that Camden County considered him, in his view erroneously, to

still be on probation.[1]  Defendant did not take a direct appeal from his conviction.

When defendant filed his PCR petition, he contended that the statutory elements had not been met because the conduct had not made the victim fearful. The emails and letter accused the candidate of being involved in child pornography, said he was being investigated by the FBI, and threatened his family.  Defendant also asserted that State v. Burkert, 231 N.J. 257 (2017), should be applied retroactively to his case, making his factual basis and the circumstances of the charge insufficient under the harassment statute.

Now on appeal, defendant raises one point:

> POINT ONE
> DEFENDANT IS ENTITLED TO POST-CONVICTION RELIEF BECAUSE PLEA COUNSEL WAS INEFFECTIVE IN FAILING TO CHALLENGE THE ELEMENTS OF HARASSMENT AS DEFINED IN N.J.S.A. 2C:33-4(C).

In his comprehensive and cogent decision, Judge DeLury appropriately addressed the challenge to the conviction arising from Burkert, and the alleged ineffective assistance of counsel.  The judge held first, in our view correctly,

---

[1]  Defendant was on probation out of Camden County at the time the harassment occurred.

A-4439-17T3

that <u>Burkert</u> did not apply retroactively. Furthermore, the court held that even if it did, petitioner's

> correspondence [was] serious, pervasive, intrusive, and alarming enough to put a reasonable person in fear for his safety or security. The [p]etitioner's frequent and numerous emails accusing an attorney of committing criminal activity and possessing child pornography would put a reasonable person in fear for his safety. . . . In the totality of the facts and circumstances, the actions of the [p]etitioner were unlawful, alarming, and seriously annoying to place a reasonable person in fear for his safety or security.

As a result, even post-<u>Burkert</u>, the statutory elements had been satisfied.

Ineffective assistance of counsel considered in the context of a guilty plea requires a petitioner to show that counsel's performance fell below an objective standard of reasonableness, and that but for these errors, defendant would not have accepted a guilty plea and insisted on going to trial. <u>State v. Fritz</u>, 105 N.J. 42, 60-61 (1987) (citing <u>Strickland v. Washington</u>, 466 U.S. 668, 694 (1984)).

We agree with Judge DeLury that no unprofessional representation took place. Further, defendant fell far short of establishing that but for the representation, he would have insisted on going to trial. Defendant's arguments are so lacking in merit as to not warrant additional discussion in a written decision. <u>R.</u> 2:11-3(e)(2).

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

Affirmed.

A-4439-17T3